IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JORGE MANUEL TOVAR MORENO §<br>#1925918 § | | |
| VS. § | | CIVIL ACTION NO. 4:14cv564 |
| §<br>UNITED STATES OF AMERICA § | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jorge Manuel Tovar Morena filed the above-styled and numbered complaint pursuant to 28 U.S.C. § 1331. On August 28, 2014, the court ordered Plaintiff to pay the $400 filing fee or submit an application to proceed *in forma pauperis*. As of this date, he has failed to comply with the court's ordered.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely as to whether the court abused its discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's

1

conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, Plaintiff has failed to comply with the court's order in order to proceed on the case. His intentions and actions do not threaten the judicial process and a dismissal without prejudice is appropriate. Plaintiff may file a new complaint in the event he decides to pursue the claims. It is thus

**ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. All motions not previously ruled upon are **DENIED**.

**SIGNED this 22nd day of July, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE